﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 191015-38805
DATE: June 29, 2020

ORDER

Entitlement to service connection for hypertension is denied. 

Entitlement to service connection for diabetes, to include as secondary to Agent Orange exposure is denied.

Entitlement to service connection for prostate cancer, to include as secondary to Agent Orange exposure is denied. 

Entitlement to service connection for erectile dysfunction, to include as secondary to prostate cancer and diabetes is denied. 

Entitlement to service connection for back condition is denied. 

FINDINGS OF FACT

1. The evidence of record indicates the Veteran’s current hypertension was not related to military service.

2. The evidence of record indicates there is no current diagnosis of diabetes. 

3. The evidence of record indicates the Veteran’s prostate cancer was not related to military service.

4. The evidence of record indicates the Veteran’s erectile dysfunction was not related to military service or caused or aggravated by a service-connected disability.

5. The evidence of record indicates the Veteran’s low back disorder was not related to military service.

CONCLUSIONS OF LAW

1. The criteria for service connection hypertension are not met. 38 U.S.C. §§ 1110, 1154(b), 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.310 (2019).

2. The criteria for service connection for diabetes are not met. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309.

3. The criteria for service connection for prostate cancer are not met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for secondary service connection for erectile dysfunction are not met. 38 U.S.C. §§ 1101, 1110, 1112, 1137, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310.

5. The criteria for service connection for a low back disorder are not met. 38 U.S.C. §§ 1110, 5103, 5103A; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309, 3.310.

 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1963 to March 1965 in the United States Army. These matters are before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

The Board notes that the March 2019 rating decision on appeal was issued after February 19, 2019, thus was subject to the AMA. 84 Fed. Reg. 138 (Jan. 18, 2019) (to be codified as amended in scattered sections of 38 U.S.C.). The Veteran timely appealed this rating decision to the Board via an October 2019 Form 10182 and requested the hearing lane. 

In February 2020, the Veteran appeared and provided testimony at a videoconference hearing before the undersigned Veterans Law Judge. 

1. Entitlement to service connection for hypertension is denied. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2017). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2017).

In addition, service connection for certain chronic diseases may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2017); Fountain v. McDonald, 27 Vet. App. 258, 271-72 (2015). Although the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).

Additionally, for certain chronic diseases with potential onset during service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309 (2017); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran alleges that his hypertension was caused by the stress he experienced in service due to racial discrimination. 

First, the Board finds that there is a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran is currently being treated for hypertension according to medical treatment records. This diagnosis was confirmed in a January 2019 VA examination. 

Second, the Board finds that there was an in-service injury or disease. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). There is no record of treatment for hypertension in service. However, the Veteran stated in the February 2020 hearing that his hypertension developed as a result of stressful situations related to racial discrimination while in service. While there is no evidence within the claims file regarding these incidents, the Board considers the Veteran competent to describe matters of which he has personal knowledge; for example, he is competent to describe experiencing racial discrimination during his service. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005) (noting that a lay witness is competent to report to factual matters of which he or she has first-hand knowledge). The Board finds the Veteran’s statements in the case at hand to be sufficiently credible and they are not contradicted by other evidence of record. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (noting that the credibility of a witness may be impeached by a showing of interest, bias, inconsistent statements, consistency with other evidence), aff’d, 78 F.3d 604 (Fed. Cir. 1996). Thus, the question becomes whether the current disability is related to service. 

Third, the Board finds that the evidence of record does not support a finding that the hypertension is related to active service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). In the January 2019 VA examination, the examiner stated that she was unable to find any records that the claimant was treated for high blood pressure during service. Because of the limited objective evidence, the examiner stated that she was unable to state whether the Veteran’s hypertension was a consequence of his time in service. While the examiner did not address the Veteran’s statements regarding stress due to racial discrimination, those statements were provided at the hearing following the VA examination and after the AOJ considered the claim. As such, remand is not warranted for this issue as there is no pre-decisional duty to assist. The examination was adequate at that time as the Veteran had advance no theory of hypertension other than in-service onset, which was not supported by the service treatment records. The Board thus finds that the AOJ has met its duty to assist and further remand is not required. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016). Although the Veteran now asserts an in-service event, caused his hypertension, he has not submitted a medical opinion in support of that and his testimony in that regard is not competent as the development of an internal medical condition is not capable of lay observation. See Washington, 19 Vet. App. at 368. The Veteran is advised that he may file a supplemental claim. Accordingly, service connection is denied.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

2. Entitlement to service connection for diabetes, to include as due to Agent Orange exposure, is denied.

When a claimed condition is not shown, there may be no grant of service connection. Congress specifically limited entitlement for service-connected disease or injury to cases where the incident resulted in a disability. In the absence of proof of a present disability there can be no valid claim. 38 U.S.C. § 1110 (2012); Rabideau v. Derwinski, 2 Vet. App. 141 (1992); Brammer v. Derwinski, 3 Vet. App. 223 (1992). The Board finds that there is not a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran claimed that he developed diabetes as a result of exposure to Agent Orange in Korea as well as exposure to contaminated water while in service. Medical treatment records from January 2018 to May 2020 indicate that the Veteran is pre-diabetic, but not yet diagnosed with diabetes and is not currently taking medication to treat diabetes. 

Based on the foregoing, the Board finds that the preponderance of the evidence is against finding that the Veteran has a diagnosis of diabetes or has had a diagnosis at any time proximate to the pendency of the claim. While the medical evidence notes that the Veteran is pre-diabetic, there is no evidence that he has been formally diagnosed with diabetes and no evidence of a nexus between his pre-diabetic condition and his service in the military. Accordingly, service connection is denied.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

3. Entitlement to service connection for prostate cancer, to include as due to Agent Orange exposure, is denied. 

Service connection may be presumed for certain diseases, including coronary artery disease, if a Veteran was exposed to an herbicide agent, including Agent Orange, during service, and the disease manifested to a degree of ten percent or more any time after service. 38 C.F.R. § 3.307 (a)(6), 3.309(e). A Veteran who, during active military, naval, or air service, served between April 1, 1968 and August 31, 1971, in a unit that, as determined by the Department of Defense (DOD), operated in or near the Korean DMZ in an area in which herbicides were known to have been applied during that period, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307 (a)(6)(iv).

The Veteran alleged that his prostate cancer was caused by exposure to Agent Orange while he served in Korea. In the March 2019 rating decision, the RO made a favorable finding that the Veteran’s military personnel records confirm service in Korea. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. The RO also noted, however, that the Veteran’s service was not during the applicable period of time that would concede Agent Orange exposure. 38 C.F.R. §§ 3.307, 3.309. 

Though the Veteran does not qualify for the Agent Orange presumption, the Board must still consider entitlement to service connection on a direct basis. See Combee v. Brown, 34 F.3d 1039, 1040 (Fed. Cir. 1994).

First, the Board finds that there is a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). Medical treatment records from January 2018 to May 2020 indicate that the Veteran had a malignant tumor on his prostate. 

Second, the Board finds that there was not an in-service injury or disease. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). In the February 2020 hearing, the Veteran stated that in the alternative to Agent Orange exposure, he was also claiming that exposure to contaminated water in Korea was the in-service connection to his disability. Unfortunately, there is no evidence of such contamination or exposure in the evidence available in the claims file. 

Third, the Board finds that the evidence of record does not support a finding that the prostate cancer is related to active service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). No VA examination or private medical opinion is of record. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2017). VA’s duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). The RO did not provide the Veteran with an examination. Such development is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent evidence of diagnosed disability or recurrent symptoms of disability, (2) establishes that the Veteran suffered an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the third element establishes a low threshold and requires only that the evidence “indicates” that there “may” be a nexus between the current disability or symptoms and active service, including equivocal or non-specific medical evidence or credible lay evidence of continuity of symptomatology). 

Here, no VA examination was conducted. Post-AMA, the Board may only remand an issue to correct any pre-decisional duty to assist or notify errors it identifies. Pub. L. No. 115-55, § 2(d)(2). As the Veteran stated these claims in the hearing, after the AOJ adjudicated the claim, a pre-decisional duty to assist error has not occurred. In this case, the Board finds that the AOJ has fulfilled the duty to notify and assist the Veteran in substantiating his claim for VA benefits, as proscribed in 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2019). Because at the time of the adjudication, there was no evidence of in-service event or symptoms, there was no error in not providing a VA examination. is. There are no further arguments against a finding that the AOJ has not met its duty to assist. The Board thus finds that the AOJ has met its duty to assist and further remand is not required. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

As the evidence does not support a link between service and prostate cancer, service connection is denied. In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

4. Entitlement to service connection for erectile dysfunction, to include as secondary to prostate cancer and diabetes, is denied. 

The Veteran stated in his February 2020 hearing that he believed his erectile dysfunction to be secondary to his prostate cancer or diabetes. 

Service connection may also be granted on a secondary basis for disability which is proximately due to or the result of service-connected disease or injury, or for additional disability resulting from the aggravation of a nonservice-connected disability by a service-connected disability. 38 C.F.R. § 3.310 (2019); Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). To prevail on the issue of secondary service connection, the record must show (1) evidence of a current disability, (2) evidence of a service-connected disability, and (3) medical nexus evidence establishing a connection between the current disability and the service-connected disability. Wallin v. West, 11 Vet. App. 509, 512 (1998).

First, the Board finds that there is a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). Medical treatment records from January 2018 to May 2020 indicate that the Veteran is currently receiving treatment for erectile dysfunction. 

Second, the Board finds that there is no service-connected disability to support secondary service connection. 38 C.F.R. § 3.310; Allen, 7 Vet. App. at 448. Prostate cancer and hypertension are not service-connected. As there are no service-connected disabilities related to the Veteran’s erectile dysfunction, secondary service connection is not established. 

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

5. Entitlement to service connection for a back disorder is denied. 

First, the Board finds that there is a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran is noted to have chronic low back pain in medical treatment records from January 2018 to May 2020. The Board notes that pain can be considered a disability where it causes functional impairment, even in the absence of an underlying diagnosis. Saunders v. Wilkie, 886 F.3d 1356 (2018). Medical records indicate that the Veteran’s chronic low back pain hinders the Veteran’s ability to sit, stand, and walk properly, resulting in functional impairment. 

Second, the Board finds that there was an in-service injury or disease. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). A review of the Veteran’s service treatment records indicate an absence of complaint or treatment for any kind of back strain or injury. The Veteran claimed in the February 2020 hearing that he developed back problems due to training in the mountainous terrain of Korea. The Board may find these lay statements competent and credible. See Washington, 19 Vet. App. at 368; Caluza, 7 Vet. App. at 511.

Third, however, the Board finds that the evidence of record does not support a finding that the low back disability is related to active service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). As noted above, at the time of the AOJ determination, there was no duty to provide the Veteran with an examination as the evidence did not show an in-service event: the STRs were silent and the Veteran had not yet submitted lay statements regarding any in0servcie back pain. 38 C.F.R. § 3.159(c)(4); McLendon, 20 Vet. App. at 83-86. The Veteran’s evidence of in-service event or occurrence was presented during the February 2020 hearing, after the issue was considered by the AOJ. 

In this case, the Board finds that the AOJ has fulfilled the duty to notify and assist the Veteran in substantiating his claim for VA benefits, as proscribed in 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2019). Accordingly, service connection is denied.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Ashley Ki

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.